IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION<br><br>THIS DOCUMENT RELATES TO CIVIL ACTION NO. 2:22-CV-00303-JRG | §<br>§<br>§  CIVIL ACTION NO. 2:22-MD-03042-JRG<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Taasera Licensing LLC's ("Taasera") Motion to Dismiss Complaint for Declaratory Judgment for Lack of Subject Matter Jurisdiction, or in the Alternative, to Transfer or Stay Under the First-to-File Rule, and to Dismiss for Failure to State a Claim (the "Motion"). (Case No. 2:22-cv-303, Dkt. No. 14). On February 21, 2023, the Court held a hearing regarding the Motion. (Dkt. No. 64). Having considered the Motion, the subsequent briefing, the oral arguments, and for the reasons set forth herein, the Court finds that the Motion should be **GRANTED** as set forth herein.

### I. BACKGROUND

On November 30, 2021, Taasera filed suit against Trend Micro Incorporated ("Trend Micro Japan") in Case No. 2:22-CV-00441-JRG ("EDTX Action") for patent infringement in the Eastern District of Texas ("EDTX"). (EDTX Action, Dkt. No. 1). Thereafter, on August 19, 2022, Taasera filed its Amended Complaint for Patent Infringement ("Amended Complaint"), asserting infringement of U.S. Patent Nos. 6,842,796 (the "'796 Patent"); 7,673,137 (the "'137 Patent"); 8,327,441 (the "'441 Patent"); 8,850,517 (the "'517 Patent"); 8,955,038 (the "'038 Patent"); 8,990,948 (the "'948 Patent"); 9,092,616 (the "'616 Patent"); 9,608,997 (the "'997 Patent"); and 9,923,918 (the "'918 Patent) (collectively, the "Asserted Patents"). (EDTX Action, Dkt. No. 33

¶¶ 7–16).  On March 1, 2022, Trend Micro Japan and its subsidiary, Trend Micro, Inc. ("Trend Micro U.S."), filed a declaratory judgment of non-infringement as to the Asserted Patents against Taasera in the Northern District of Texas ("NDTX"), but that case was dismissed shortly thereafter on March 4, 2022, via a Notice of Voluntary Dismiss Without Prejudice filed by the Trend Micro entities.  *Trend Micro Inc. v. Taasera Licensing LLC*, No. 3:22-cv-00477-E (N.D. Tex. Mar. 1, 2022), (Dkt. No. 1; Dkt. No. 5).  That same day, Trend Micro U.S., without Trend Micro Japan, filed a similar action for declaratory judgment as to non-infringement of the Asserted Patents in the NDTX, which was later transferred to the EDTX and is presently stylized as *Trend Micro, Inc. v. Taasera Licensing, LLC*, No. 2:22-CV-00303-JRG ("NDTX Action").  Beginning on August 3, 2022, and for tag-along cases filed thereafter, the United States Judicial Panel on Multidistrict Litigation (the "Panel") centralized the above-captioned litigation in the EDTX and transferred the following cases to the same (categorized by their original jurisdictions) for consolidated pretrial proceedings:

- Eastern District of Texas:
    - *Taasera Licensing LLC v. Trend Micro Incorporated*, Case No. 2:22-CV-00441-JRG
    - *Taasera Licensing LLC v. Check Point Software Technologies Ltd.*, Case No. 2:22-CV-00063-JRG
    - *Taasera Licensing LLC v. Fortinet Inc.*, Case No. 2:22-CV-00415-JRG
    - *Taasera Licensing LLC v. Musrubra US LLC d/b/a Trellix*, Case No. 2:22-CV-00427-JRG
    - *Taasera Licensing LLC v. Palo Alto Networks, Inc.*, Case No. 2:23-CV-00113-JRG
- Northern District of Texas:
    - *Trend Micro, Inc. v. Taasera Licensing LLC*, Case No. 2:22-CV-00303-JRG
- Western District of Texas:

> o *Taasera Licensing LLC v. CrowdStrike, Inc., CrowdStrike Holdings, Inc.*, Case No. 2:22-CV-00468-JRG

(NDTX Action, Dkt. No. 28 at 1, 3). On April 14, 2022, Taasera filed the instant Motion, requesting that the Court (1) dismiss Trend Micro U.S.'s case for lack of subject matter jurisdiction; (2) transfer this case to the EDTX under the first-to-file rule; and (3) dismiss this case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (EDTX Action, Dkt. No. 14 at 1).

## II.   LEGAL STANDARD

Application of the first-to-file rule is within a district court's discretion. *Futurewei Technologies, Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). "When confronted with substantially similar declaratory judgment and patent infringement actions filed in different jurisdictions, courts generally favor the forum of the first-filed action, whether or not it is a declaratory action." *RPost Holdings, Inc. v. Sophos, Inc.*, No. 2:13-cv-959, 2014 WL 10209205, at *1 (E.D. Tex. Aug. 20, 2014) (citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)). Courts typically enforce the first-to-file rule "absent sound reason for a change of forum." *Genentech*, 998 F.2d at 938; *see also Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005).

In determining whether to apply the first-to-file rule to an action, a court must resolve two questions: (1) Are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions; and (2) which of the two courts should take the case? *RPost Holdings*, 2014 WL 10209205, at *1 (citing *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993)). Once the "substantial similarity" threshold is crossed, the first-to-file rule accords the first-filed court the responsibility

to determine which case should proceed. *Id.* "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Technologies, Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (citing *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). However, under "considerations of judicial and litigant economy," exceptions may be justified, such as "the convenience and availability of witnesses, [the] absence of jurisdiction over all necessary or desirable parties, . . . the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Id.* (citations omitted).

## III. DISCUSSION

The Court initially takes up the parties' dispute regarding the first-to-file rule. When the Motion was originally filed, the NDTX Action had been transferred to the EDTX for pretrial proceedings, and the parties' briefing was directed to determining whether the first-to-file rule applies and how the second-filed NDTX Action should proceed in regard to the first-filed EDTX Action. (Dkt. No. 14 at 12; Dkt. No. 21 at 9). In a post-consolidation, supplemental brief, Taasera argues that "if transfer [to the EDTX] is found to not be appropriate, dismissal is still within the authority of the MDL court." (Dkt. No. 53 at 3). This Court must still determine whether the first-to-file rule applies, and if so, how the EDTX and NDTX Actions should each proceed.

Taasera asserts that the EDTX Action is the first-filed action, arguing that it filed the EDTX Complaint on November 30, 2021, before Trend Micro U.S.'s NDTX Complaint on March 4, 2022. (Dkt. No. 14 at 12). In Taasera's view, the first-to-file rule does not require "complete identity of parties" between both cases so long as the issues substantially overlap. (*Id.*). Taasera therefore argues that the first-to-file rule applies since both the EDTX and NDTX Actions "center

on infringement of the exact same Accused Products" and Asserted Patents and the claims for infringement and claims for declaratory judgment of non-infringement between the EDTX Action and the NDTX Action, respectively, mirror each other. (*Id.* at 13). Taasera notes that "compelling circumstances" may justify departure from applying the first-to-file rule, however, such a determination is for the first-filed court to decide. (*Id.* at 13–14). Even so, Taasera argues, this is not a case where (1) Trend Micro U.S.'s later-filed declaratory judgment action was anticipatorily filed for a more favorable forum; (2) the first-filed action is in a court of a foreign country; (3) there is an applicable forum selection clause; or (4) the convenience factors provide compelling circumstances that warrant departing from the first-to-file rule. (*Id.* at 14).

Trend Micro U.S. responds that the first-to-file rule should not apply in light of circumstances surrounding Taasera's EDTX Action, which indicate intentional forum shopping. (Dkt. No. 21 at 11). Relying on *Emerson Process Management LLLP v. Wetro Lan, LLC*, Trend Micro U.S. argues that Taasera engaged in forum shopping by suing Trend Micro Japan in the EDTX rather than suing Trend Micro U.S., the alleged direct infringer that is responsible for implementing and selling the accused technology. (*Id.* at 12 (citing No. A-15-CA-416-SS, 2015 WL 11438109 (W.D. Tex. Sept. 2, 2015)). Trend Micro U.S. also argues that the first-to-file rule should not apply given that it is a desirable or necessary party for which venue in the EDTX would be improper. (*Id.* at 13). Trend Micro U.S. contends that Trend Micro Japan does not conduct operations in the United States and Trend Micro U.S. controls all United States sales of the Trend Micro products. (*Id.* (citing *Nexon Am. Inc. v. Uniloc 2017 LLC*, No. 19-1096-CFC, 2020 WL 3035647 (D. Del. June 5, 2020)). Trend Micro U.S. further contends that venue in the EDTX under 28 U.S.C. § 1400(b) is improper and therefore the desirable party exception to the first-to-file doctrine applies. (*Id.* at 14).

Taasera replies that, in the EDTX Action, it identified Trend Micro Japan as the direct infringer responsible for making the Accused Products and providing them to Trend Micro U.S. for sales in the United States. (Dkt. No. 25 at 9). Taasera disputes the application of *Emerson*, arguing that it did not discuss forum shopping; it did not evaluate the first-to-file doctrine or any exceptions thereto; and the facts are not analogous. (*Id.* at 10–11). Taasera argues that Trend Micro U.S. is neither a necessary nor desirable party and *Nexon* "made clear that the deciding factor for whether a party is desirable or necessary is based on development and manufacturing, and that sales are not considered in the analysis." (*Id.* at 11).

The Court finds that the EDTX and NDTX Actions are substantially similar and the first-to-file rule applies. As this Court has noted, "A subsequent action that does not have complete identity of the parties can still substantially overlap on the substantive issues of the first-filed action, warranting dismissal or transfer." *AmberWave Sys. Corp. v. Intel Corp.*, No. 2:05-CV-321, 2005 WL 2861476, at *1 (E.D. Tex. Nov. 1, 2005) (citations omitted). The EDTX Action is the first-filed action since it was filed in time prior to the NDTX Action. The EDTX and NDTX Actions are largely the same because they involve the same Accused Products and Asserted Patents. In fact, Trend Micro U.S. concedes that the claims for infringement against Trend Micro Japan and the declaratory judgment claims of non-infringement substantially overlap. (Dkt. No. 21 at 8 ("In view of [Taasera's] allegations in the Eastern District Action, [Trend Micro U.S.] filed this action on March 4, 2022, seeking declaratory judgment of non-infringement as to the nine patents asserted in the Eastern District Action.")).

The Court concludes that Trend Micro U.S. fails to establish any basis that would warrant departure from the first-to-file rule. Forum shopping typically applies where the first-filed suit was anticipatory, and forum shopping is not dispositive of but is merely one factor in the entire

first-to-file analysis. *Elecs. For Imaging*, 394 F.3d at 1347 (noting that a district court may consider a party's intent to preempt another's infringement suit, which is "merely one factor in the analysis"); (Dkt. No. 21 at 11 ("[T]he forum shopping exception is often applied where the first-filed suit is 'anticipatory' in nature . . . .")). However, neither party argues that the other engaged in forum shopping for purposes of an anticipatory filing. Relying on *Emerson*, Trend Micro U.S. contends that forum shopping should be considered in a non-anticipatory context (Dkt. No. 21 at 11); however, *Emerson* is inapposite as it did not discuss forum shopping. 2015 WL 111438109, at *1–2.

The Court further finds that Trend Micro U.S. is not a necessary or desirable party to the EDTX Action. *Nexon*, the only case that Trend Micro U.S. relies upon, is inapplicable. 2020 WL 3035647 at *4. In *Nexon*, the court held that in a first-filed patent infringement case where the only defendants were foreign parent companies, the American subsidiary was a "desirable if not necessary party" because it "alone ***developed*** and ***manufactures*** the accused Launcher technology." *Id.* However, in this case, each claim for infringement in Taasera's Amended Complaint identifies Trend Micro Japan as the direct infringer of the Asserted Patents by "***making*** using, offering to sell, selling, and/or importing" the accused products. (EDTX Action, Dkt. No. 33 ¶¶ 34, 45, 56, 67, 82, 95, 111, 126, 140). In fact, in its Complaint, Trend Micro U.S. pleads that "Taasera alleged that Trend Micro Japan infringed and continues to infringe one or more claims of the [Asserted Patents] ***by making***, selling, offering for sales, importing and distributing and by actively inducing others to make, use, sell, offer to sell, and/or import products that implement Taasera's network security inventions." (NDTX Action, Dkt. No. 1 ¶ 5 (emphasis added)). Although Trend Micro U.S. contends that it is a necessary party to the EDTX Action because it controls all U.S. sales of the Trend Micro products (Dkt. No. 21 at 13; *see also* Dkt. No.

1 ¶ 6), mere sales by themselves does not make Trend Micro U.S. a necessary party. *See Nexon*, 2020 WL 3035647, at *4 (considering only the development and manufacture of the accused products in the necessary-or-desirable-party analysis). Trend Micro U.S. is neither desirable nor necessary when its upstream parent company, Trend Micro Japan, that makes the accused products is already a named party in the EDTX Action.[1] (Dkt. No. 1 ¶ 6). The Court need not determine whether venue under 28 U.S.C. § 1400(b) would be improper in the EDTX because Trend Micro U.S. is not a necessary or desirable party to the EDTX Action.[2]

The first-to-file rule applies to the NDTX Action, and no equitable exception exists. In light of the foregoing, the Court determines that efficient administration of the NDTX and EDTX Actions are best effectuated by staying the later-filed NDTX Action. *Futurewei*, 737 F.3d at 708 ("When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action."). The second-filed NDTX Action is largely similar to the first-filed EDTX Action, and resolution of the EDTX Action will therefore resolve the issues asserted in the NDTX Action. Accordingly, a stay "will best conserve judicial resources and promote efficiency." *RPost Holdings*, 2014 WL

---

[1] "Trend Micro U.S. is a wholly owned subsidiary of Trend Micro America, Inc., and Trend Micro America, Inc. is a wholly owned subsidiary of Trend Micro Japan." (Dkt. No. 1 ¶ 6).

[2] In the Motion, then-pending in the NDTX, Taasera requests that, in the alternative, the NDTX Action be transferred to the EDTX under the first-to-file rule. (Dkt. No. 14 at 5). Trend Micro U.S. argues that "courts may also consider the traditional 28 U.S.C. § 1404(a) venue transfer factors when determining whether an exception to the first-filed case doctrine applies," which in this case, the transfer factors weigh against transfer. (Dkt. No. 21 at 14, 15). The Court does not reach the application of the private and public factors under § 1404(a) given that the NDTX Action is now pending before this Court for consolidated pretrial proceedings. Further, the Supreme Court has held that 28 U.S.C. § 1407 "precludes a transferee court from granting any § 1404(a) motion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 41 n.4 (1998).

10209205, at *3. In light of this Court's stay of the NDTX Action, it does not reach those practices of the Motion related to lack of subject matter jurisdiction or failure to state under Federal Rule of Civil Procedure 12(b)(6).

### IV. CONCLUSION

The Court finds that the Motion (Case No. 2:22-cv-303, Dkt. No. 14) should be and hereby is **GRANTED**. Accordingly, Case No. 2:22-CV-00303-JRG is **STAYED** pending disposition of Case No. 2:22-CV-00441-JRG on the merits or until subsequent order of this Court lifting or modifying such **STAY**, whichever occurs first.

**So ORDERED and SIGNED this 29th day of March, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

9